UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CIV-82515-RAR

**STRIKE 3 HOLDINGS, LLC**,

    Plaintiff,

v.

**JOHN DOE SUBSCRIBER ASSIGNED
IP ADDRESS 73.128.176.235,** *et al.,*

    Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S MOTIONS FOR LEAVE TO SERVE
A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**

**THIS CAUSE** comes before the Court upon Plaintiff's Motions for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference [ECF Nos. 8, 9, 10, 11] ("Motions"). Having carefully considered the Motions and the record, and being otherwise fully advised, it is

**ORDERED AND ADJUDGED** that the Motions are **GRANTED** as follows.

**BACKGROUND**

On December 20, 2021 and December 21, 2021, Plaintiff filed Complaints against John Doe subscribers assigned IP Addresses 73.138.176.235, 73.85.17.85, 174.48.188.201, and 65.34.253.213 ("Defendants"). On December 23, 2021, the Court consolidated the instant case with all three related matters. [ECF No. 7]. As such, the Court will address the Motions filed by Plaintiff at once. In the Complaint [ECF No. 1],[1] Plaintiff alleges that Defendants have engaged in ongoing copyright infringement of Plaintiff's motion pictures by both downloading the motion

---

[1] The Court notes that it only references the Complaint filed in the instant case in this Order. The complaints filed in the three related cases were substantially similar to this Complaint. Therefore, the Court refers only to the Complaint in the consolidated action.

pictures and distributing them to others "on a grand scale." Compl. ¶¶ 1, 4, 5. Because Defendants only used the internet, Defendants are known to Plaintiff only by Defendants' Internet Protocol ("IP") addresses (assigned to Defendants by Defendants' Internet Service Provider ("ISP")). Plaintiff now moves the Court for leave to serve third-party subpoenas prior to a Rule 26(f) conference. Plaintiff seeks to serve limited, immediate discovery on Defendants' ISP, Comcast Cable, in the form of Rule 45 subpoenas, so that Plaintiff may learn Defendants' identities, investigate their roles in the infringement, and effectuate service. Motions at 2.

## ANALYSIS

Pursuant to Federal Rule of Civil Procedure 26(d)(1), except for circumstances not applicable here, a party may not propound discovery in advance of a Rule 26(f) conference absent a court order. In determining whether to permit early discovery, courts generally apply a good cause standard. *See, e.g., Sterling v. Doe*, No. 21-CV-723, 2021 WL 3134723, at *1 (M.D. Fla. June 8, 2021); *Strike 3 Holdings, LLC v. John Doe Subscriber Assigned IP Address 76.26.184.222*, No. 21-CV-727, 2021 WL 3129308, at *1 (M.D. Fla. May 12, 2021); *Plastic Movie Ltd. v. Doe*, No. 15-CV-60690, 2015 WL 12843766, at *1 (S.D. Fla. Apr. 14, 2015); *Malibu Media, LLC v. John Doe*, No. 13-CV-259, 2013 WL 2154818, at *1 (M.D. Fla. May 17, 2013).

Courts have found that certain factors are relevant to determining whether good cause exists to grant leave for a Rule 45 subpoena. These include: "(1) whether Plaintiff has made out a prima facie claim of copyright infringement, (2) the specificity of the discovery required, (3) the absence of alternative means to obtain subpoenaed information, (4) necessity for the subpoenaed information, and (5) Defendant's expectation of privacy." *Plastic Movie Ltd.*, 2015 WL 12843766 at *1 (citing *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010)).

Upon carefully considering the above-listed factors, the Court concludes that good cause exists for the expedited discovery sought by Plaintiff.[2] Plaintiff has established a prima facie claim of copyright infringement (which requires ownership of a valid copyright and copying of constituent elements of the work that are original). *See* Motions at 6; *see also* Comp. ¶¶ 35-37. Further, Plaintiff seeks limited and specific discovery and has no other way to access Defendants' identifying information. Motions at 7-8. Without this information, Plaintiff is unable to pursue its claims. *Id*. at 9. Lastly, the Court finds that any privacy interest Defendant may have is outweighed by Plaintiff's interest in ascertaining Defendants' identities to pursue its claims. *See Call of the Wild Movie, LLC v. Does 1-1, 062*, 770 F. Supp. 2d 332, 349 (D.D.C. 2011).

The Court notes that, at this stage of the litigation, and for purposes of these Motions only, it is satisfied that venue is proper in this district. Courts in this district have previously found that the Maxmind geolocation technology used here to pinpoint the subject IP addresses to the Southern District of Florida is reliable. *See Strike 3 Holdings, LLC v. John Doe subscriber assigned IP Address 45.31.52.221*, No. 21-CV-82520, 2022 WL 67424, at *2 (S.D. Fla. Jan. 6, 2022).

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

---

[2] In so finding, the Court is relying on the representations made by Plaintiff in the Motions that it is "mindful of the nature of the litigation and its goal is to not publicly disclose the choices that people make regarding the content they wish to enjoy"; that it "does not seek to force anyone to settle unwillingly, especially anyone that is innocent"; that it "only files suit against extreme infringers, and only proceeds with amended complaints based on strong evidence"; that "each lawsuit is brought against infringers that not only engage in illegal downloading, but who are also large-scale unauthorized distributors of [Plaintiff's] content"; that it does "not seek settlements unless initiated by a defendant or a defendant's counsel"; that it "does not send demand letters"; and that it "respects the desire of defendants to keep private their choices regarding the content they choose to enjoy." Motions at 4. Plaintiff also represents that its policy is to "(1) enter into confidentiality agreements with defendants to facilitate resolution of a case; and (2) stipulate to requests by defendants for the entry of orders in litigation to maintain the confidentiality of a defendant's identity." *Id.* The Court is specifically relying upon these representations of Plaintiff and Plaintiff's counsel in entering this Order and expects that all these representations will be honored by Plaintiff and Plaintiff's counsel.

1.	Plaintiff's Motions for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference [ECF Nos. 8, 9, 10, 11] are **GRANTED.**

2.	Plaintiff may serve a subpoena (in compliance with Federal Rule of Civil Procedure 45) on the relevant Internet Service Provider ("ISP") commanding production (to Plaintiff) of the true names and addresses of the individuals or entities to whom the ISP assigned the IP addresses set forth in the Complaints.

3.	Plaintiff may also serve, pursuant to the Federal Rules of Civil Procedure, a subpoena in the same manner as above on any service provider that is identified in response to the subpoena as a provider of internet services to Defendants.

4.	If the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), it shall then comply with 47 U.S.C. § 551(c)(2)(B), by sending a copy of this Order to the Defendants.

5.	Any information and documents received by Plaintiff pursuant to the subpoena shall remain confidential, shall only be used for purposes of this litigation, and shall be handled and utilized by Plaintiff and its counsel in a professional and ethical manner.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 18th day of January, 2022.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**